ROBERT MAGLIES AND CONSOLIDATED APARTMENTS, A NEW JERSEY CORPORATION, PLAINTIFFS-APPELLANTS, v. THE PLANNING BOARD OF THE TOWNSHIP OF EAST BRUNS-WICK AND THE MUNICIPAL COUNCIL OF THE TOWNSHIP OF EAST BRUNSWICK IN THE COUNTY OF MIDDLESEX AND STATE OF NEW JERSEY, DEFENDANTS-RESPON-DENTS.

Superior Court of New Jersey
Appellate Division

Argued March 25, 1980—Decided April 3, 1980.

420

Before Judges FRITZ, KOLE and LANE.

*Jules S. Littman* argued the cause for appellants (*Arthur H. Miller,* attorney).

*Mitchell E. Fishman* argued the cause for respondent Planning Board of the Township of East Brunswick (*Gross & Novak,* attorneys; *David B. Greenfield* on the brief).

*Bertram E. Busch* argued the cause for respondent Municipal Council of the Township of East Brunswick (*Busch & Busch,* attorneys).

PER CURIAM.

Plaintiffs appeal from a judgment affirming the declaration of defendant township council that plaintiffs' property was a blighted area pursuant to the Blighted Area Act, *N.J.S.A.* 40:55–21.1 *et seq.* Plaintiffs, the owners of two buildings, with six apartments in each building, located on a ¾ of an acre lot, contend that (1) the trial judge improperly applied the Blighted Area Act to a single lot; (2) the trial judge erred in permitting defendant municipality to determine its own meaning of blight; (3) the hearing was unfair and in violation of due process, and (4) the determination of blight was unsupported by sufficient credible evidence.

We agree with the trial judge that, under the proofs here presented, the Blighted Area Act may apply to a single lot. As plaintiffs point out, the court in *Wilson v. Long Branch,* 27 *N.J.* 360 (1958), *cert. den.* 358 *U.S.* 873, 79 *S.Ct.* 113, 3 *L.Ed.2d* 104 (1958), did state that "the patent purpose [of the Blighted Area Act] is to deal with substantial areas as distinguished from individual properties . . . ." *Id.* at 378. However, in upholding the constitutionality of the act the court in *Wilson supra,* also said that the municipality generally has the discretion to determine the size of the blighted area. *Id.* at 379. *See, also, Levin v. Bridgewater Tp. Comm.,* 57 *N.J.* 506, 539 (1971), app.

dism. 404 *U.S.* 803, 92 *S.Ct.* 58, 30 *L.Ed.2d* 35 (1971); *J. C. Chap. Prop. Owners' etc., Ass'n v. City Council,* 55 *N.J.* 86, 102 (1969), and *Lyons v. Camden,* 52 *N.J.* 89, 98 (1968), all deferring to the discretion of the municipality in determining the size of the area to be designated as blighted.

The Blighted Area Act has never been specifically restricted to an area covering more than one lot. As the trial judge said, a "municipality should not be deprived of the statutory authority provided in the Act because the size of the blighted area in that community is not as large in size as blighted areas in other communities." The blight here was sufficiently advanced, even though confined to a relatively small area, to justify a determination that it should be remedied at this time rather than later when its adverse impact might be more extensive.

■ Plaintiffs contend that defendant planning board was improperly "guided by the concept of relative blight," determining that the property in question was blighted in East Brunswick, although the same property in another community would not be considered blighted. However, there was no basis for the assumption that this area would not be considered blighted in a different municipality. The credible evidence leads to the conclusion that plaintiffs' two buildings were substandard, dilapidated and unlivable and would be considered blighted regardless of location.

■ Plaintiffs' argument that defendants' motives in bringing this proceeding were exclusionary is simply not borne out by the record. The mayor of East Brunswick, also a member of defendant planning board, explained in response to a question from the audience that if the township acquires the property, "we intend to maintain it for the very same population of tenants at least who are there now. It is our intention to upgrade the property." This municipal objective was specifically affirmed by the township's attorney at oral argument before us.

■ Plaintiffs assert that the hearing was unfair and in violation of due process. They object to the participation of the township attorney in the proceedings, citing *Wilson v. Long Branch, supra,* 27 *N.J.* at 396. However, in the instant case, as in *Wilson,* plaintiffs have failed to show that they were prejudiced by this attorney's participation.

■ We find no substance to the claim that the members of the planning board did not have the appearance of impartiality and actually were not impartial. We note that plaintiff Maglies was permitted to give lengthy testimony on both hearing dates and that he actively participated in the proceedings, answering questions and making comments of his own. The planning board members plainly heard and considered his testimony and arguments. That he was cut short by them several times in a somewhat curt and impolite fashion, does not, under all the circumstances here, show lack of impartiality.

■ Plaintiffs contend that they were entitled to a *quasi-judicial* rather than a legislative hearing because "the matter in question involves the taking of a single lot from one individual." However, a determination of blight is simply a preliminary investigation and does not constitute the taking of property. Regardless of the size of the blighted area, a legislative investigation rather than a judicial hearing is in order. *Wilson v. Long Branch, supra,* 27 *N.J.* at 385.

■ Plaintiffs' final argument, that the determination of blight was unsupported by sufficient credible evidence, is without merit. From our review of the record, we are satisfied that there is substantial credible evidence present therein upon which the determination of blight could be predicated. *Levin v. Bridgewater Tp. Comm., supra,* 57 *N.J.* at 537. The planning board was justified in rejecting Maglies' evidence to the contrary.

Affirmed.